102. That the Sixth Agreement at paragraph further required, "Buyer agrees that in the event that there is a difference in price, discounted from the price herein mentioned, negotiated by and between the Seller and the car dealer and the above-mentioned price of <u>MSRP + $55,500.00</u> plus any applicable luxury tax, registration, car dealer fees and title fees, the Buyer agrees to remit said difference in price to Seller pursuant to the mandates of the above paragraph 2.[Exhibit 25, paragraph five (5)]

103. That the Sixth Agreement at paragraph six (6) provided, "The Seller may within thirty (30) days of its tender to the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** as required above in paragraph two (2) notify the Buyer that the Seller is exercising its right, hereby established, to tender the **buyer's order/purchase agreement/bill of sale/contract** for a second automobile similar in specification as the automobile specification in the instant transaction.

a) The second automobile transaction shall be executed pursuant to the very same terms, and conditions as the first transaction.

b) The second automobile must be the same make, model, and year as the automobile transacted in the first transaction except where the manufacturer has introduced a later/newer model in which case the later/newer model may be substituted as the subject automobile of the **buyer's order/purchase agreement/bill of sale/contract** tendered by the Seller.

c) The second automobile transaction <u>does not</u> require the signing of an additional contract by the Seller, or Buyer identified herein."[Exhibit 25, paragraph six (6)].

104. That the Sixth Agreement further established, "In the event the Buyer does not comply with the terms and conditions set forth in the above paragraphs 2, 3, 4, 5, or 7, Buyer agrees and warrants that the Buyer is required to make a payment to the Seller of Seventy-Five Thousand, Five Hundred Eighty Dollars as partial liquidated damages, to include but not limited to attorneys fees, for said noncompliance with the aforementioned paragraphs 2, 3, 4, 5, or 7. The Buyer further agrees, warrants, and affirms that the aforementioned liquidated damages payment to the Seller does not represent a penalty" [Exhibit 25, paragraph nine (9)].

-22-

Case 1:17-cv-07762-AT-VF   Document 1-1   Filed 10/10/17   Page 24 of 45

105. That the Sixth Agreement at paragraph fourteen (14) established, "The Buyer unconditionally waives by signing this contract its right, if any, to contest the enforceability of the liquidated damages clause as an affirmative defense, or otherwise refuse to pay the agreed liquidated damages amount contained herein."[Exhibit 25, paragraph fourteen (14)].

106. That the defendants failed, or refused to respond to either Exhibit L, or Exhibit M prompting to the Plaintiff to question whether the defendants would honor their contractual obligations pursuant to the Sixth Agreement.

107. That the defendants failed, or refused to perform their duties pursuant to the Sixth Agreement having failed, or refused to nominate their preferred agent/lessor, and to respond to demand for reasonable assurance of performance.

108. That on or around the 3rd of October, 2014 the parties entered into another contractual agreement (the "Seventh Agreement"), whereby the Plaintiff agreed to assign its right to purchase a 2015 Lamborghini Huracan for a total sales price of Manufacturer's Suggested Retail Price (MSRP) plus $20,080.00 [Exhibit 26].

109. That the basic terms set forth under the Seventh Agreement were a quantity of one (1) 2015 Lamborghini Huracan at the transaction price of MSRP plus $20,080.00, and that delivery would be completed after tendering payment in full to the car dealer by the defendants as per the arrangements made with the car dealer.

110. That the Seventh Agreement additionally required, "Buyer agrees and warrants that it and/or its agents or assigns will not under any circumstances contact or communicate with the car dealer of the Vehicle described in the above paragraph 1 unless Buyer receives specific written authorization from the Seller. Buyer further agrees and warrants that the terms and conditions of this agreement are confidential and that it will not, under any circumstances, disclose the terms and conditions of this agreement to any person and/or any entity unless Buyer receives specific written authorization from the Seller" [Exhibit 26, paragraph 3].

-23-

111. That the Seventh Agreement further required, "Buyer agrees to pay the sales price of <u>MSRP + $15,500.00</u> to the car dealer plus any applicable luxury tax, registration, car dealer fees and title fees within two (2) business days of the car dealer's notification to Seller that the Vehicle is available for pickup and/or delivery and acknowledges that it understands that the sales price agreed to is F.O.B. shipping point" [Exhibit 26, paragraph four (4)].

112. That the Seventh Agreement further required, "Buyer agrees to remit to Seller, or its agents, or assigns, within seventy-two (72) hours of receipt by the Buyer, or its agents, or assigns, of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer, of said Vehicle the above mentioned **$4,580.00** plus any and all amounts due pursuant to paragraph 5 below. Buyer agrees to reimburse Seller whatever monies Seller has disbursed to car dealer to secure the purchase of the Vehicle described in paragraph 1 above within seventy-two (72) hours of execution of this Agreement. Buyer agrees to remit within seventy two (72) hours to the car dealer the equivalent of ten (10) percent of the purchase price of the Vehicle described in paragraph 1 upon car dealer's request for specification of the color, options and equipment of said Vehicle." [Exhibit 26, paragraph two (2)].

113. That the Seventh Agreement at paragraph further required, "Buyer agrees that in the event that there is a difference in price, discounted from the price herein mentioned, negotiated by and between the Seller and the car dealer and the above-mentioned price of <u>MSRP + $15,500.00</u> plus any applicable luxury tax, registration, car dealer fees and title fees, the Buyer agrees to remit said difference in price to Seller pursuant to the mandates of the above paragraph 2.[Exhibit 26, paragraph five (5)]

114. That the Seventh Agreement at paragraph six (6) provided, "The Seller may within thirty (30) days of its tender to the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** as required above in paragraph two (2) notify the Buyer that the Seller is exercising its right, hereby established, to tender the **buyer's order/purchase agreement/bill of sale/contract** for a second automobile similar in specification as the automobile specification in the instant transaction.

a) The second automobile transaction shall be executed pursuant to the very same terms, and

-24-

conditions as the first transaction.

b) The second automobile must be the same make, model, and year as the automobile transacted in the first transaction except where the manufacturer has introduced a later/newer model in which case the later/newer model may be substituted as the subject automobile of the **buyer's order/purchase agreement/bill of sale/contract** tendered by the Seller.

c) The second automobile transaction <u>does not</u> require the signing of an additional contract by the Seller, or Buyer identified herein."[Exhibit 26, paragraph six (6)].

115. That the Seventh Agreement further established, "In the event the Buyer does not comply with the terms and conditions set forth in the above paragraphs 2, 3, 4, 5, or 7, Buyer agrees and warrants that the Buyer is required to make a payment to the Seller of Seventy-Five Thousand, Five Hundred Eighty Dollars as partial liquidated damages, to include but not limited to attorneys fees, for said noncompliance with the aforementioned paragraphs 2, 3, 4, 5, or 7. The Buyer further agrees, warrants, and affirms that the aforementioned liquidated damages payment to the Seller does not represent a penalty" [Exhibit 26, paragraph nine (9)].

116. That the Seventh Agreement at paragraph fourteen (14) established, "The Buyer unconditionally waives by signing this contract its right, if any, to contest the enforceability of the liquidated damages clause as an affirmative defense, or otherwise refuse to pay the agreed liquidated damages amount contained herein."[Exhibit 26, paragraph fourteen (14)].

117. That the Plaintiff tendered the requisite **buyer's order/purchase agreement/bill of sale/contract** to the defendants on October 3, 2014 via email, and/or facsimile thereby tendering the consideration to the defendants required from the Plaintiff pursuant to the Seventh Agreement [Exhibit N].

118. That on or around October 21, 2014, the Plaintiff emailed, and/or faxed the letter annexed hereto as Exhibit O to the defendants seeking reasonable assurance of performance including the consideration tendered by the Plaintiff on or around October 3, 2104 as enclosure[Exhibit O].

-25-

119. That on or around October 21, 2014, the Plaintiff exercised his right to tender a second **buyer's order/purchase agreement/bill of sale/contract** for either a 2015, or 2016 Lamborghini Huracan to the defendants pursuant to the provisions of the Seventh Agreement, Exhibit 26, when he emailed, and/or faxed the letter annexed hereto as Exhibit P to the defendants.

120. That the defendants failed, or refused to respond to either Exhibit O, or Exhibit P prompting the Plaintiff to question whether the defendants would honor their contractual obligations pursuant to the Seventh Agreement.

121. That the defendants failed, or refused to perform their duties pursuant to the Seventh Agreement having failed, or refused to pay for the subject Lamborghini Huracan, failed, or refused to pay the Plaintiff the consideration due the Plaintiff, and failed, or refused to nominate their preferred agent/lessor for the second Lamborghini Huracan.

122. That on or around the 14th of December, 2015 the parties entered into another contractual agreement (the "Eighth Agreement"), whereby the Plaintiff agreed to assign its right to purchase a 2016 Porsche 911 GT3 RS for a total sales price of Manufacturer's Suggested Retail Price (MSRP) plus $100,580.00 [Exhibit 27].

123. That the basic terms set forth under the Eighth Agreement were a quantity of one (1) 2016 Porsche 911 GT3 RS at the transaction price of MSRP plus $100,580.00, and that delivery would be completed after tendering payment in full to the car dealer by the defendants as per the arrangements made with the car dealer.

124. That the Eighth Agreement additionally required, "Buyer agrees and warrants that it and/or its agents or assigns will not under any circumstances contact or communicate with the car dealer of the Vehicle described in the above paragraph 1 unless Buyer receives specific written authorization from the Seller. Buyer further agrees and warrants that the terms and conditions of this agreement are confidential and that it will not, under any circumstances, disclose the terms and conditions of this

agreement to any person and/or any entity unless Buyer receives specific written authorization from the Seller" [Exhibit 27, paragraph 3].

125. That the Eighth Agreement further required, "Buyer agrees to pay the sales price of **MSRP + $80,000.00** to the car dealer plus any applicable luxury tax, registration, car dealer fees and title fees within two (2) business days of the car dealer's notification to Seller that the Vehicle is available for pickup and/or delivery and acknowledges that it understands that the sales price agreed to is F.O.B. shipping point" [Exhibit 27, paragraph four (4)].

126. That the Eighth Agreement further required, "Buyer agrees to hold the consideration due the Seller in trust for the Seller's exclusive benefit upon receipt by the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer, of said Vehicle. Buyer agrees to remit to Seller, or its agents or assigns, within forty-eight (48) hours of receipt by the Buyer, or its agents or assigns, of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer, of said Vehicle the above mentioned **$20,080.00** held in trust plus any and all amounts due pursuant to paragraph 5 below. Buyer agrees to reimburse Seller whatever monies Seller has disbursed to car dealer to secure the purchase of the Vehicle described in paragraph 1 above within seventy-two (72) hours of the signing of this Agreement." [Exhibit 27, paragraph two (2)].

127. That the Eighth Agreement at paragraph further required, "Buyer agrees that in the event that there is a difference in price, discounted from the price herein mentioned, negotiated by and between the Seller and the car dealer and the above-mentioned price of **MSRP + $80,000.00** plus any applicable luxury tax, registration, car dealer fees and title fees, the Buyer agrees to remit said difference in price to Seller pursuant to the mandates of the above paragraph 2.[Exhibit 27, paragraph five (5)]

128. That the Eighth Agreement at paragraph six (6) provided, "The Seller may within thirty (30) days of its tender to the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** as required above in paragraph two (2) notify the Buyer that the Seller is exercising its right, hereby established, to tender the **buyer's order/purchase agreement/bill of sale/contract** for a second automobile similar in

-27-

specification as the automobile specification in the instant transaction.

a) The second automobile transaction shall be executed pursuant to the very same terms, and conditions as the first transaction.

b) The second automobile must be the same make, model, and year as the automobile transacted in the first transaction except where the manufacturer has introduced a later/newer model in which case the later/newer model may be substituted as the subject automobile of the **buyer's order/purchase agreement/bill of sale/contract** tendered by the Seller.

c) The second automobile transaction <u>does not</u> require the signing of an additional contract by the Seller, or Buyer identified herein."[Exhibit 27, paragraph six (6)].

129. That the Eighth Agreement further established, "In the event the Buyer does not comply with the terms and conditions set forth in the above paragraphs 2, 3, 4, 5, or 7, Buyer agrees and warrants that the Buyer is required to make a payment to the Seller of One Hundred Seventeen Thousand, Nine Hundred Eighty Dollars as partial liquidated damages, to include but not limited to attorneys fees, for said noncompliance with the aforementioned paragraphs 2, 3, 4, 5, or 7. The Buyer further agrees, warrants, and affirms that the aforementioned liquidated damages payment to the Seller does not represent a penalty" [Exhibit 27, paragraph nine (9)].

130. That the Eighth Agreement at paragraph fourteen (14) established, "The Buyer unconditionally waives by signing this contract its right, if any, to contest the enforceability of the liquidated damages clause as an affirmative defense, or otherwise refuse to pay the agreed liquidated damages amount contained herein."[Exhibit 27, paragraph fourteen (14)].

131. That the Plaintiff tendered the requisite **buyer's order/purchase agreement/bill of sale/contract** to the defendants on or around December 17, 2015 via email, and/or facsimile thereby tendering the consideration to the defendants required from the Plaintiff pursuant to the Eighth Agreement [Exhibit Q].

-28-

132. That the defendants paid for the subject 2016 Porsche 911 GT3 RS on or around December 23, 2015, and took delivery of the subject 2016 Porsche 911 GT3 RS on or around December 23, 2015[Exhibit R].

133. That on or around January 12, 2016, the Plaintiff exercised his right to tender a second **buyer's order/purchase agreement/bill of sale/contract** for either a 2016, or 2017 Porsche 911 GT3 RS to the defendants pursuant to the provisions of the Eighth Agreement, Exhibit 27, when he emailed, and/or faxed the letter annexed hereto as Exhibit S to the defendants.

134. That the defendants failed, or refused to respond to Exhibit S prompting the Plaintiff to question whether the defendants would honor their contractual obligations pursuant to the Eighth Agreement.

135. That the defendants belatedly tendered partial consideration to the Plaintiff for the Eighth Agreement on or around January 7, 2016 however the defendants failed, or refused to identified their preferred agent/lessor for the second 2016 Porsche 911 GT3 RS transaction.

136. That the defendants failed, or refused to provide reasonable assurance of performance by failing, or refusing to respond in writing, or otherwise to Exhibit S.

137. That the Plaintiff was both meticulous in executing the course of performance anticipated by the defendants, and patient with the defendants when they either deviated from established commercial practices, or were dilatory in performing.

138. That the Plaintiff preserved his right to bring the causes of action pled herein by consistently seeking reasonable assurance of performance from the defendants in writing while hoping that the defendants would develop into reliable commercial counterparties.

139. That upon information, and belief, when the Plaintiff, and the defendants arrived at the Eighth Agreement, the defendants had the 2013 Blu Hera Lamborghini Aventador Roadster from the Second Agreement in their inventory.

140. That the defendants are jointly, and severely liable to the Plaintiff for anticipatory repudiation of contract, or breach of contract as more fully described in successive paragraphs of this Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE FIRST

## AGREEMENT

141. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

142. That the Plaintiff tendered the performance required pursuant to the First Agreement however the defendants failed to pay the car dealer for the subject motor vehicle despite the Plaintiff's willingness to be patient while the defendants' resolved their administrative, and financial issues.

143. That the First Agreement required the defendants to remit the amounts due the car dealer within two (2) business days of receipt of notification from the car dealer that the subject automobile was available for pick-up[Exhibit 20, paragraph four (4)].

144. That the First Agreement required that the defendants pay the Plaintiff the consideration due the Plaintiff within seventy-two (72) hours of the receipt of the buyer's order/purchase agreement/bill of sale/contract from the car dealer or the Plaintiff/Seller[Exhibit 20, paragraph two (2)].

145. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the First Agreement.

146. That the Plaintiff, and the car dealer provided the defendants', and their agent/lessor, Amazon Leasing, Inc., with notice that the subject automobile was available for pick-up on or around September 18, 2013.

147. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the first 2013 Lamborghini Aventador Roadster as per the terms of the First Agreement represents a material breach of the First Agreement.

148. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations

pursuant to the first 2013 Lamborghini Aventador Roadster as per the terms of the First Agreement[Exhibit J].

149. That the Plaintiff moved to seek to cover, and mitigate its damages when it became clear that the defendants did not intend to honor their contractual obligations under the First Agreement for the first 2013 Lamborghini Aventador Roadster.

150. That as a proximate, and reasonable result of the defendants' material breach of the First Agreement regarding the first 2013 Lamborghini Aventador Roadster, the Plaintiff is entitled to partial liquidated damages in the amount of $95,580.00.

## AS AND FOR THE SECOND CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE FIRST AGREEMENT

151. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

152. That on or around September 27, 2013, the Plaintiff noticed the defendants that the Plaintiff intended to tender a second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 20 by emailing, and/or faxing the letter annexed hereto as Exhibit J to the defendants.

153. That the defendants failed, or refused to respond to the Plaintiff's notice of intent to tender, and election to exercise the Plaintiff's option to tender a **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 21.

154. That but for the defendants' failure, or refusal to professionally, and timely respond to the notice of intent to tender, and to exercise the Plaintiff's option, the Plaintiff would have consummated a second 2013 Lamborghini Aventador Roadster transaction as per the First Agreement.

155. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor for the second 2013 Lamborghini Aventador Roadster, the Plaintiff would have

-31-

tendered the second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 20.

156. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the First Agreement for the second 2013 Lamborghini Aventador Roadster.

157. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the second 2013 Lamborghini Aventador Roadster as per the terms of the First Agreement represents a material breach of the First Agreement.

158. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the first, and second 2013 Lamborghini Aventador Roadsters as per the terms of the First Agreement[Exhibit J].

159. That as a proximate, and reasonable result of the defendants' material breach of the First Agreement regarding the second 2013 Lamborghini Aventador Roadster, the Plaintiff is entitled to compensatory damages in the amount of $60,080.00.

## AS AND FOR THE THIRD CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE SECOND AGREEMENT

160. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

161. That on or around August 18, 2013, the Plaintiff noticed the defendants that the Plaintiff intended to tender a second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 21 by emailing, and/or faxing the letter annexed hereto as Exhibit E to the defendants.

162. That the defendants failed, or refused to respond to the Plaintiff's notice of intent to tender, and election to exercise the Plaintiff's option to tender a **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 21.

-32-

163.    That but for the defendants' failure, or refusal to professionally, and timely respond to the notice of intent to tender, and to exercise the Plaintiff's option, the Plaintiff would have consummated a second 2013 Lamborghini Aventador Roadster transaction as per the Second Agreement.

164.    That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Second Agreement for the second 2013 Lamborghini Aventador Roadster.

165.    That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the second 2013 Lamborghini Aventador Roadster as per the terms of the Second Agreement represents a material breach of the Second Agreement.

166.    That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the second 2013 Lamborghini Aventador Roadster as per the terms of the Second Agreement[Exhibit F].

167.    That as a proximate, and reasonable result of the defendants' material breach of the Second Agreement regarding the second 2013 Lamborghini Aventador Roadster, the Plaintiff is entitled to compensatory damages in the amount of $60,080.00.

## AS AND FOR THE FOURTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE THIRD AGREEMENT

168.    That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

169.    That the course of dealing established between the defendants, and the Plaintiff required the defendants to nominate their preferred agent/lessor to facilitate the commercial transactions for high-line luxury automobiles.

170.    That the Plaintiff wrote the defendants on or around November 16, 2013 imploring the defendants to name their preferred agent/lessor for the two (2) Land Rover transactions envisioned by

-33-

Exhibits 22, and 23 however after emailing, and/or faxing the letter annexed hereto as Exhibit K, the defendants failed, or refused to provide the information necessary to complete the transactions [Exhibits 22, 23, and K].

171. That the defendants failed, or refused to nominate their preferred agent/lessor.

172. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor pursuant to the course of dealing under the Third Agreement, the Plaintiff would have consummated a 2014 Land Rover Range Rover L405 Autobiography transaction as per the Third Agreement.

173. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Third Agreement for the 2014 Land Rover Range Rover L405 Autobiography.

174. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the 2014 Land Rover Range Rover L405 Autobiography as per the terms of the Third Agreement represents a material breach of the Third Agreement.

175. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the 2014 Land Rover Range Rover L405 Autobiography as per the terms of the Third Agreement[Exhibit K].

176. That as a proximate, and reasonable result of the defendants' material breach of the Third Agreement regarding the 2014 Land Rover Range Rover L405 Autobiography, the Plaintiff is entitled to partial liquidated damages in the amount of $35,580.00.

## AS AND FOR THE FIFTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE FOURTH AGREEMENT

177. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

-34-

178. That the course of dealing established between the defendants, and the Plaintiff required the defendants to nominate their preferred agent/lessor to facilitate the commercial transactions for high-line luxury automobiles.

179. That the Plaintiff wrote the defendants on or around November 16, 2013 imploring the defendants to name their preferred agent/lessor for the two (2) Land Rover transactions envisioned by Exhibits 22, and 23 however after emailing, and/or faxing the letter annexed hereto as Exhibit K, the defendants failed, or refused to provide the information necessary to complete the transactions [Exhibits 22, 23, and K].

180. That the defendants failed, or refused to nominate their preferred agent/lessor.

181. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor pursuant to the course of dealing under the Fourth Agreement, the Plaintiff would have consummated a 2014 Land Rover Range Rover L405 Autobiography transaction as per the Fourth Agreement.

182. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Fourth Agreement for the 2014 Land Rover Range Rover L405 Autobiography.

183. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the 2014 Land Rover Range Rover L405 Autobiography as per the terms of the Fourth Agreement represents a material breach of the Fourth Agreement.

184. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the 2014 Land Rover Range Rover L405 Autobiography as per the terms of the Fourth Agreement[Exhibit K].

185. That as a proximate, and reasonable result of the defendants' material breach of the Fourth Agreement regarding the 2014 Land Rover Range Rover L405 Autobiography, the Plaintiff is entitled to partial liquidated damages in the amount of $35,580.00.

## AS AND FOR THE SIXTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE FIFTH AGREEMENT

186. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

187. That the defendants nominated 22845 Sparrow Dell Leasing, LLC as their preferred agent/lessor to acquire the subject 2014 Land Rover Ranger Autobiography Long Wheel Base.

188. That the Plaintiff tendered the performance required pursuant to the Fifth Agreement however the defendants failed to pay the car dealer for the subject motor vehicle despite the Plaintiff's willingness to be patient while the defendants' resolved their administrative, and financial issues[Exhibit L].

189. That the Fifth Agreement required the defendants to remit the amounts due the car dealer within two (2) business days of receipt of notification from the car dealer that the subject automobile was available for pick-up[Exhibit 24, paragraph four (4)].

190. That the Fifth Agreement required that the defendants pay the Plaintiff the consideration due the Plaintiff within seventy-two (72) hours of the receipt of the buyer's order/purchase agreement/bill of sale/contract from the car dealer or the Plaintiff/Seller[Exhibit 24, paragraph two (2)].

191. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Fifth Agreement.

192. That the Plaintiff, and the car dealer provided the defendants', and their agent/lessor, 22845 Sparrow Dell Leasing, LLC, with notice that the subject automobile was available for pick-up on or around March 28, 2014[Exhibit L].

193. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the first 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Fifth Agreement represents a material breach of the Fifth Agreement.

-36-

194. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the first 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Fifth Agreement[Exhibit L].

195. That the Plaintiff moved to seek to cover, and mitigate its damages when it became clear that the defendants did not intend to honor their contractual obligations under the Fifth Agreement for the first 2014 Land Rover Ranger Autobiography Long Wheel Base.

196. That as a proximate, and reasonable result of the defendants' material breach of the Fifth Agreement regarding the first 2014 Land Rover Ranger Autobiography Long Wheel Base, the Plaintiff is entitled to partial liquidated damages in the amount of $75,580.00.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE FIFTH AGREEMENT

197. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

198. That on or around April 5, 2014, the Plaintiff noticed the defendants that the Plaintiff intended to tender a second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 24 by emailing, and/or faxing the letter annexed hereto as Exhibit M to the defendants.

199. That the defendants failed, or refused to respond to the Plaintiff's notice of intent to tender, and election to exercise the Plaintiff's option to tender a **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 24.

200. That but for the defendants' failure, or refusal to professionally, and timely respond to the notice of intent to tender, and to exercise the Plaintiff's option, the Plaintiff would have consummated a second 2014 Land Rover Ranger Autobiography Long Wheel Base transaction as per the Fifth Agreement.

-37-

201. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor for the second 2014 Land Rover Ranger Autobiography Long Wheel Base, the Plaintiff would have tendered the second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 24.

202. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Fifth Agreement for the second 2014 Land Rover Ranger Autobiography Long Wheel Base.

203. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the second 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Fifth Agreement represents a material breach of the Fifth Agreement.

204. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the first, and second 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Fifth Agreement[Exhibits L, and M].

205. That as a proximate, and reasonable result of the defendants' material breach of the Fifth Agreement regarding the second 2014 Land Rover Ranger Autobiography Long Wheel Base, the Plaintiff is entitled to compensatory damages in the amount of $60,080.00.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE SIXTH AGREEMENT

206. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

207. That the course of dealing established between the defendants, and the Plaintiff required the defendants to nominate their preferred agent/lessor to facilitate the commercial transactions for high-line luxury automobiles.

-38-

208. That the Plaintiff wrote the defendants on or around April 5, 2014 imploring the defendants to engage in better vetting of their preferred agent/lessor for the two (2) 2014 Land Rover Ranger Autobiography Long Wheel Base transactions envisioned by Exhibits 24, and 25 however after emailing, and/or faxing the letter annexed hereto as Exhibit M, the defendants failed, or refused to provide the information necessary to complete the transactions [Exhibits 25, and M].

209. That the defendants failed, or refused to nominate their preferred agent/lessor.

210. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor pursuant to the course of dealing under the Sixth Agreement, the Plaintiff would have consummated a 2014 Land Rover Ranger Autobiography Long Wheel Base transaction as per the Sixth Agreement.

211. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Sixth Agreement for the 2014 Land Rover Ranger Autobiography Long Wheel Base.

212. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Sixth Agreement represents a material breach of the Sixth Agreement.

213. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the 2014 Land Rover Ranger Autobiography Long Wheel Base as per the terms of the Sixth Agreement[Exhibits L, and M].

214. That as a proximate, and reasonable result of the defendants' material breach of the Sixth Agreement regarding the 2014 Land Rover Ranger Autobiography Long Wheel Base, the Plaintiff is entitled to partial liquidated damages in the amount of $75,580.00.

## AS AND FOR THE NINTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE SEVENTH AGREEMENT

215. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

216. That the Plaintiff tendered the performance required pursuant to the Seventh Agreement however the defendants failed to pay the car dealer for the subject motor vehicle despite the Plaintiff's willingness to be patient while the defendants' resolved their administrative, and financial issues[Exhibit N].

217. That the Seventh Agreement required the defendants to remit the amounts due the car dealer within two (2) business days of receipt of notification from the car dealer that the subject automobile was available for pick-up[Exhibit 26, paragraph four (4)].

218. That the Seventh Agreement required that the defendants pay the Plaintiff the consideration due the Plaintiff within seventy-two (72) hours of the receipt of the buyer's order/purchase agreement/bill of sale/contract from the car dealer or the Plaintiff/Seller[Exhibit 26, paragraph two (2)].

219. That the defendants failed, or refused to pay the Plaintiff the consideration due pursuant to the requirements of the Seventh Agreement.

220. That the Plaintiff, and the car dealer provided the defendants with notice that the subject automobile was available for pick-up on or around October 3, 2014 when the defendants were provided the requisite **buyer's order/purchase agreement/bill of sale/contract**, and wire transfer instructions for the car dealer[Exhibits N, and O].

221. That the defendants' failure, or refusal to pay the Plaintiff the consideration due the Plaintiff pursuant to the first 2015 Lamborghini Huracan as per the terms of the Seventh Agreement represents a material breach of the Seventh Agreement.

222. That despite the Plaintiff seeking reasonable assurance of performance from the defendants pursuant to UCC 2-609, the defendants have failed, or refused to honor their contractual obligations pursuant to the first 2015 Lamborghini Huracan as per the terms of the Seventh Agreement[Exhibits O, and P].

223. That the Plaintiff moved to seek cover, and mitigate his damages after the Plaintiff telephoned the defendant Andrew Michael Koss, and was informed by the defendant Andrew Michael Koss that the defendants "bought a cheaper" 2015 Lamborghini Huracan instead of the 2015 Lamborghini Huracan referenced in Exhibit 26.

224. That as a proximate, and reasonable result of the defendants' material breach of the Seventh Agreement regarding the first 2015 Lamborghini Huracan, the Plaintiff is entitled to partial liquidated damages in the amount of $75,580.00.

## AS AND FOR THE TENTH CAUSE OF ACTION

## ANTICIPATORY REPUDIATION OF CONTRACT, OR BREACH OF CONTRACT OF THE SEVENTH AGREEMENT

225. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if more fully set forth herein.

226. That on or around October 21, 2014, the Plaintiff noticed the defendants that the Plaintiff intended to tender a second **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 26 by emailing, and/or faxing the letter annexed hereto as Exhibit P to the defendants.

227. That the defendants failed, or refused to respond to the Plaintiff's notice of intent to tender, and election to exercise the Plaintiff's option to tender a **buyer's order/purchase agreement/bill of sale/contract** as provided at paragraph six (6) of Exhibit 26.

228. That but for the defendants' failure, or refusal to professionally, and timely respond to the notice of intent to tender, and to exercise the Plaintiff's option, the Plaintiff would have consummated a second 2015 Lamborghini Huracan transaction as per the Seventh Agreement.

229. That but for the defendants' failure, or refusal to professionally, and timely nominate their preferred agent/lessor for the second 2015 Lamborghini Huracan, the Plaintiff would have tendered the

-41-