```
UNITED STATES DISTRICT COURT                                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                               DOCUMENT
RENZER BELL,                                                ELECTRONICALLY FILED
                                                            DOC #:
            Plaintiff,                                      DATE FILED: 12/5/2019

        -against-                                           17 Civ. 7762 (AT) (DCF)

ANDREW MICHAEL KOSS, a/k/a MICHAEL KOSS,                    ORDER
DR. KAIN KUMAR, SHARMINI KUMAR, JOHN
DOE, EXOTIC EURO CARS, and "ABC
CORPORATIONS" being unknown, and fictitious at this
time,

            Defendants.
```

ANALISA TORRES, District Judge:

This order is intended to clarify the status of this procedurally complicated matter, and to remind the parties of their respective obligations and the consequences of failing to fulfill them.

### I. Procedural History

This case, an action for breach of contract, has been stayed since May 4, 2018, pending resolution of Defendant Exotic Euro Cars' bankruptcy proceeding. ECF No. 84. In entering the stay, this Court ordered counsel for Exotic Euro Cars to file a status letter every sixty days updating the Court on the status of the bankruptcy proceedings. *Id.* On February 7, 2019, however, counsel for Exotic Euro Cars—who also served as counsel for Defendants Kain Kumar and Sharmini Kumar—moved to withdraw from the litigation. ECF No. 103. That motion was granted by the Honorable Debra C. Freeman on July 18, 2019. ECF No. 113. Judge Freeman cautioned Exotic Euro Cars that corporations cannot appear *pro se* and warned it that failure to retain counsel could result in the entry of a default judgment against it once the stay is lifted. *Id.* at 3. Judge Freeman also cautioned Kain Kumar and Sharmini Kumar that if they failed to retain new counsel, they would be expected to proceed "*pro se* (*i.e.* without the assistance of an attorney)," and directed them to provide their contact information to the Pro Se Office. *Id.* at 4. And, in the event that Kain Kumar and Sharmini Kumar chose to proceed on their own behalf without counsel, Judge Freeman ordered them to submit status letters every sixty days regarding the status of the bankruptcy proceeding, in compliance with this Court's May 4, 2018 Order. *Id.* at 3. Judge Freeman's order was served on Defendants via mail on July 19, 2019. ECF No. 114.

On July 25, 2019, the Court ordered Defendants to file, on September 1, 2019 and every 60 days thereafter, a letter updating the Court as to the status of the bankruptcy proceeding. ECF No. 115. Defendants did not file any such letter by September 1, 2019. On September 4, 2019, the Court ordered all parties to file a status letter by September 10, 2019. ECF No. 116. Again, no such letter was filed. On September 13, 2019, the Court again ordered the parties to file a status letter by October 4, 2019. ECF No. 117. That same day, the Court received an email from Plaintiff with a status letter attached, which indicated that the bankruptcy proceeding was still

1

underway. On October 4, 2019, Plaintiff filed a more detailed letter on the docket (via the Pro Se Office), which again indicated that bankruptcy proceedings continued. ECF No. 118. Additionally, Plaintiff sought leave to file an order to show cause why the stay should not be lifted. *Id.* at 2–3.

## II. Order on Leave to Move for Relief from Automatic Stay

As an initial matter, Plaintiff's request for leave to move to lift the stay is DENIED. It remains the case that there is no way to resolve Plaintiff's claims against the individual defendants in this case without involving Exotic Euro Cars in the litigation, and involving Exotic Euro Cars would violate the automatic stay imposed by 11 U.S.C. § 362(a). "So while in the usual course a Section 362(a) stay applies only to bar proceedings against the debtor, in this case the entire action needs to be stayed as against all . . . parties defendant." *Gallo v. Alitalia Linee Aeree Italiane, S.p.a.*, No. 07 Civ. 6418, 2009 WL 910693, at *1 (S.D.N.Y. Apr. 6, 2009). And to the extent Plaintiff is seeking relief from the automatic stay, that application must be made to the bankruptcy court, not here. *See In re Siskin*, 258 B.R. 554, 562 (Bankr. E.D.N.Y. 2001) ("[O]nly a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay." (internal quotation marks omitted)); *In re Chateaugay Corp., Reomar, Inc.*, 93 B.R. 26, 30 (S.D.N.Y. 1988) ("Under 11 U.S.C. § 362(d), a motion to *modify* or *lift* the provisions of the automatic stay with respect to a particular action must be made to the bankruptcy court which is supervising the reorganization.").

## III. Orders on the Future Conduct of this Litigation

Defendants still have not complied with the Court's order to file a status letter by October 4, 2019, and have not filed the subsequent status letter that was due 60 days thereafter—that is, December 3, 2019. Neither Exotic Euro Cars nor Kain Kumar nor Sharmini Kumar have informed the Court that they have retained counsel. Kain Kumar and Sharmini Kumar have likewise not provided their contact information to the Pro Se Office.

In light of the foregoing events, the Court believes it is necessary to make clear precisely what each party is required to do going forward, and what consequences each party shall face should he or she fail to comply with those requirements.[1]

The parties are reminded that the Court possesses broad authority to punish failure to diligently pursue this litigation or to comply with the Court's orders. If a plaintiff fails to diligently pursue litigation he brings, the Court may dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Wubayeh v. City of New York*, 320 F. App'x 60, 61 (2d Cir. 2009) (affirming dismissal for failure to prosecute following the lifting of a bankruptcy stay). Similarly, the Court on its own authority can enter a default judgment against defendants who fail to pursue their case with reasonable diligence or fail to follow the Court's orders or rules of procedure. *See Singh v. Jackson*, No. 86 Civ. 2668, 1986 WL 12514, at *1 (S.D.N.Y. Oct. 31, 1986) ("This Court's inherent power to manage its caseload, however,

---

[1] To be clear, the Court expresses no opinion as to whether Defendants' repeated failure to comply with the Court's orders to date, standing alone, might suffice to justify sanctions against them, up to and including the entry of a default judgment against them once the bankruptcy stay is lifted.

provides the authority to *sua sponte* enter a default judgment against a litigant who has failed to prosecute his case with reasonable diligence and who has not complied with the Court's rules of procedure.").

In particular, the failure of a corporation to appear through counsel when ordered to do so constitutes a willful default, which justifies the entry of a default judgment. *See, e.g,, Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) ("Having determined that the district court properly ordered Eagle to appear through counsel, it was appropriate to enter a default judgment when Eagle willfully disregarded the district court's order."); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) (entering default against corporation that failed to retain counsel in defiance of court order).

Individual defendants who ignore court orders, including orders to appear through counsel or enter an appearance *pro se*, can also have a default judgment entered against them. *See, e.g.*, *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123–24 (E.D.N.Y. 2011) (failure to seek substitute counsel in defiance of court order "shows a willful and deliberate disregard for this Court's orders, which militates in favor of a default judgment"); *SEC v. Alexander*, No. 00 Civ. 7290, 2004 WL 1468528, at *8 (S.D.N.Y. June 28, 2004) (finding default to be willful where individual defendants ignored order to inform court if they would retain new counsel or proceed *pro se*).

Further, the Court is empowered to impose other sanctions on parties who do not comply with its orders. *See Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) ("Every district court has the inherent power to supervise and control its own proceedings and to sanction counsel *or a litigant* for . . . disobeying the court's orders." (emphasis added)).

With that authority in mind, the Court intends to state, in concrete terms, the duties of each party to this litigation. Accordingly, it is hereby ORDERED that:

(1) By **January 6, 2020**, Defendant Exotic Euro Cars shall retain new counsel. If counsel for Exotic Euro Cars does not enter an appearance by that date, the Court will enter an order finding that Exotic Euro Cars has willfully defaulted in this action. Upon the lifting of the stay at the conclusion of the bankruptcy proceedings, the Court may enter a default judgment against Exotic Euro Cars on the basis of that finding. In addition, the Court may impose additional sanctions in light of Exotic Euro Car's repeated, willful noncompliance with the Court's orders.

(2) By **January 6, 2020**, Defendants Kain Kumar and Sharmini Kumar shall either retain new counsel, or shall provide the Pro Se Office with their contact information. If Kain Kumar and Sharmini Kumar choose to retain new counsel, then counsel shall enter an appearance by **January 6, 2020**. If counsel does not enter an appearance by that date, and the Pro Se Office has not received contact information for Kain Kumar and Sharmini Kumar, the Court will enter an order finding that each of them has willfully defaulted in this action. Upon the lifting of the stay at the conclusion of the bankruptcy proceedings, the Court may enter a default judgment against them on the basis of that finding. In

addition, the Court may impose additional sanctions in light of Kain and Sharmini Kumar's repeated, willful noncompliance with the Court's orders.

(3) On **January 6, 2020**, Exotic Euro Cars shall file a letter updating the Court on the status of its bankruptcy proceeding. If Exotic Euro Cars fails to file this letter, the Court will enter an order finding that Exotic Euro Cars has failed to prosecute its case with reasonable diligence and has not complied with the Court's orders. Upon the lifting of the stay at the conclusion of the bankruptcy proceedings, the Court may enter a default judgment against Exotic Euro Cars on the basis of that finding. In addition, the Court may impose additional sanctions in light of Exotic Euro Car's repeated, willful noncompliance with the Court's orders.

(4) On **January 6, 2020**, Kain Kumar and Sharmini Kumar shall jointly file a letter updating the Court on the status of Exotic Euro Cars' bankruptcy proceeding. If—and only if—Exotic Euro Cars files the letter required by paragraph 3 of this order, Kain Kumar and Sharmini Kumar may join that letter. <u>But even if Exotic Euro Cars does not file a status letter regarding its bankruptcy, Kain Kumar and Sharmini Kumar must do so.</u> If they fail to do so, the Court will enter an order finding that each of them has failed to prosecute his or her case with reasonable diligence and has not complied with the Court's orders. Upon the lifting of the stay at the conclusion of the bankruptcy proceedings, the Court may enter a default judgment against each of them on the basis of that finding. In addition, the Court may impose additional sanctions in light of their repeated, willful noncompliance with the Court's orders.

(5) On **January 6, 2020**, Plaintiff shall file a letter updating the Court on the status of Exotic Euro Cars' bankruptcy proceeding. Plaintiff must file this letter regardless of whether Exotic Euro Cars, Kain Kumar, or Sharmini Kumar complies with paragraphs (1)–(4) of this order.

### IV.    Mailing This Order to Parties

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

The Clerk of Court is further directed to mail a copy of this order to Exotic Euro Cars at the following address, which is on file with the California Secretary of State as the entity's mailing address:

Exotic Euro Cars
22223 Ventura Blvd.
Woodland Hills, CA 91364

The Clerk of Court is further directed to mail a copy of this order to Kain Kumar and Sharmini Kumar at the following address:

Kain Kumar and Sharmini Kumar
4820 Balboa Ave.
Encino, CA 91316

In addition, the Clerk of Court is directed to mail a copy of this order to counsel for Exotic Euro Cars in that entity's bankruptcy proceeding,[2] at the following address:

> Kahlil J. McAlpin
> 8055 W. Manchester Avenue, Suite 525
> Playa Del Rey, CA 90293

SO ORDERED.

Dated: December 5, 2019
      New York, New York

ANALISA TORRES
United States District Judge

---

[2] The Court is mindful that Mr. McAlpin does not represent Exotic Euro Cars or Kain or Sharmini Kumar in this proceeding. Nonetheless, because the Plaintiff in this case is proceeding *pro se*, and Defendants have not appeared through counsel or taken other measures to provide the Court with a way to contact them, the Court is taking the exceptional step of directing that its order be sent to counsel in another proceeding in an effort to ensure that Defendants are on notice of their obligations.