May 14, 2020

Hon. Judge Analisa Torres
United States District Judge
United States District Court
Southern District of New York
Daniel P. Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

<u>Via First Class United States Mail</u>

**BANKRUPTCY STATUS REPORT, AND APPLICATION FOR RELIEF BY WAY OF MEMO ENDORSED ORDER**

Good day Hon. Judge Torres,

The Plaintiff respectfully [Renzer Bell v. Andrew Michael Koss, Dr. Kain Kumar et al. case no. **17 CV 07762(ANT)(DCF)** notices, and updates the status of the Exotic Euro Cars Chapter 7 Petition by reporting that Trustee Amy L. Goldman reached a settlement with Mandalay Bay, LLC in the amount of <u>$35,000.00</u>.[Trustee Amy L. Goldman v. Mandalay Bay, LLC, **1:19-AP-01155-VK**]

A copy of the Notice Of Chapter 7 Trustee's Motion To Approve Compromise Of Controversy is attached hereto for your convenience as Exhibit 3.

Given that the defendants in the instant action have defaulted, and ignored the admonishments, and directives of this Court, and in light of the Plaintiff being relieved from the automatic stay by Hon. Judge Victoria S. Kaufman of the Central District of California Bankruptcy Court, the Plaintiff respectfully seeks leave of this Court for an Order relieving the Plaintiff of the duty to report to this Court the status of defendant Exotic Euro Cars' Chapter 7 Petition.

Moreover, one (1) of the two (2) active Adversary Proceedings are "engaged in settlement negotiations" which will make following the proceedings more difficult for the Plaintiff.

WHEREFORE, the Plaintiff respectfully seeks an Order that relieves the Plaintiff of the duty to report the status of Exotic Euro Cars' Chapter 7 Petition, and granting such other, and further relief as the Court deems equitable, just, and proper

Respectfully,

Renzer Bell
(253)528-6971
(904)473-7461

Encl.

# EXHIBIT 3

```
 1  TODD A. FREALY (State Bar No. 198780)
    taf@lnbyb.com
 2  CARMELA T. PAGAY (State Bar No. 195603)
    ctp@lnbyb.com
 3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    10250 Constellation Blvd., Suite 1700
 4  Los Angeles, California 90067
    Telephone:  (310) 229-1234
 5  Facsimile:   (310) 229-1244
 6
    Attorneys for Amy L. Goldman
 7  Chapter 7 Trustee
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>EXOTIC EURO CARS, INC.,<br><br>Debtor. | Case No. 1:18-bk-10886-VK<br><br>Chapter 7<br><br>**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY**<br><br>[No Hearing Required] |

**TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Amy L. Goldman, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Exotic Euro Cars, Inc. (the "Debtor"), has filed a motion with this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1(o) of the Local Bankruptcy Rules, approving the Settlement Agreement and Mutual Release (the "Agreement") entered into by and between the Trustee and Mandalay Bay, LLC, a Nevada limited liability company ("Defendant"), concerning the adversary proceeding pending before this Court as Adv. No. 1:19-ap-01155-VK (the "Adversary").

The Adversary seeks, *inter alia*, avoidance and recovery of transfers made to the Defendant totaling approximately $55,000.

The Agreement provides, in pertinent part, as follows:

1. The Defendant shall pay the estate the sum of $35,000 (the "Settlement Amount") by no later than ten days following entry of Court order approving the Agreement.
2. Should the Defendant default under the terms of the Agreement, the Trustee shall be allowed to pursue all remedies available to the Trustee.
3. Upon full payment of the Settlement Amount, the Trustee shall dismiss the Adversary with prejudice.
4. Subject to the terms and conditions of the Agreement, the parties release each other from all claims arising of the Adversary.

This Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Trustee, in the exercise of her business judgment, has determined that it is in the best interests of the estate. The settlement avoids the risk and potentially significant expense of further litigation and is intended to provide the Trustee with funds that can be used to make distributions to allowed claims. The Agreement is the product of the parties' extensive negotiations and ultimate cooperative resolution. The Trustee negotiated the Agreement, taking into account, among other things, the costs of litigation and the likelihood of succeeding at trial. Accordingly, the Trustee submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

This Notice is qualified in its entirety by reference to the Motion and the attachments to the Motion, which are on file with the Clerk of the Bankruptcy Court. Creditors and parties-in-interest who desire further information are encouraged to review the Motion in its entirety.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any request and request for hearing must be filed with the Court and served on the movant and the Office of the United States Trustee within 14 days after the date of service of the notice, plus 3 additional if the notice was served by mail, or pursuant to F.R.Civ.P. Rule 5(b)(2)(D) or (F).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely response may be deemed consent to the granting of this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;
2. Approving the Agreement;
3. Authorizing the Trustee and the Defendant to take any and all steps necessary to effectuate the Agreement; and
4. Providing such other and further relief as is just and proper.

DATED: May 8, 2020        LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Carmela T. Pagay*
    TODD A. FREALY
    CARMELA T. PAGAY
    Attorneys for Amy Goldman
    Chapter 7 Trustee