```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RENZER BELL,

                        Plaintiff,

        -against-                                          17 Civ. 7762 (AT) (DCF)

ANDREW MICHAEL KOSS, a/k/a MICHAEL KOSS,                          ORDER
DR. KAIN KUMAR, SHARMINI KUMAR, JOHN
DOE, EXOTIC EURO CARS, and "ABC
CORPORATIONS" being unknown, and fictitious at this
time,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2020

ANALISA TORRES, District Judge:

In this action, Plaintiff, Renzer Bell, proceeding *pro se*, alleges breach of a series of contracts in which he agreed to assign to Defendants his right to purchase various exotic cars. *See* Compl. ¶¶ 141–247. The matter has been stayed since May 4, 2018, because Defendant Exotic Euro Cars is engaged in an ongoing bankruptcy proceeding. ECF No. 84; *see also* ECF No. 68. The automatic stay provision at 11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the" bankruptcy proceedings.

On February 18, 2020, however, the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") partially granted Plaintiff's application for relief from the automatic stay under 11 U.S.C. § 362(d)(1), in order to allow him to pursue this litigation. ECF No. 127 at 9–10. Accordingly, the Court now lifts the stay in this action, and resolves several motions currently pending.

...

**BACKGROUND**

Plaintiff claims that he made a series of agreements to assign his right to buy several exotic cars to Defendant Exotic Euro Cars ("EEC"), a California corporation. Compl. ¶¶ 11, 38, 47, 67, 75, 82, 97, 108, 122.[1]  He alleges that Defendant Andrew Michael Koss was the "sole negotiator of the terms of the several contractual agreements," and "the person responsible for executing the acts, and performing the contractual obligations of the defendants." *Id.* ¶ 27.  He alleges that Defendant Kain Kumar was the chief executive officer of EEC in the past, and that Sharmini Kumar is the current chief executive officer. *Id.* ¶¶ 8, 15.

On December 15, 2017, EEC, appearing through counsel, filed an answer. ECF No. 11. On January 19, 2018, Kain and Sharmini Kumar (appearing through the same attorneys) filed a motion to dismiss. ECF No. 30. Andrew Michael Koss has never appeared in this action.

On April 11, 2018, EEC filed a notice of automatic stay, informing the Court that it had filed a voluntary petition for Chapter 7 bankruptcy relief, and, as a result, continuation of this action was stayed pursuant to 11 U.S.C. 362. ECF No. 68. After hearing from the parties, the Court determined that effectuating the stay as against EEC required a stay of the entire litigation, and ordered the action as a whole stayed pending resolution of the bankruptcy proceeding. ECF No. 84. In entering the stay, this Court ordered counsel for EEC to file a status letter every sixty days updating the Court on the status of the bankruptcy proceedings. *Id.*

On February 7, 2019, however, counsel for EEC, Kain Kumar, and Sharmini Kumar moved to withdraw from the litigation. ECF No. 103. That motion was granted by the Honorable Debra C. Freeman on July 18, 2019. ECF No. 113. Judge Freeman cautioned EEC that corporations cannot appear *pro se* and warned that failure to retain counsel could result in

---

[1] As filed on the docket, the complaint is divided up over ECF Nos. 1, 1-1, and 1-2. For ease of reference, the Court will cite to paragraphs in the complaint without reference to their ECF docket number.

the entry of a default judgment against it once the stay is lifted. *Id.* at 3.  Judge Freeman also cautioned Kain and Sharmini Kumar that if they failed to retain new counsel, they would be expected to proceed "*pro se* (*i.e.* without the assistance of an attorney)," and directed them to provide their contact information to the Pro Se Office. *Id.* at 3–4.  In the event that Kain and Sharmini Kumar chose to proceed on their own behalf without counsel, Judge Freeman ordered them to submit status letters every sixty days regarding the status of the bankruptcy proceeding, in compliance with this Court's May 4, 2018 Order. *Id.* at 3.  Judge Freeman's order was served on EEC, and Kain and Sharmini Kumar via mail on July 19, 2019.  ECF No. 114.

On July 25, 2019, the Court ordered Defendants to file, on September 1, 2019 and every 60 days thereafter, a letter updating the Court as to the status of the bankruptcy proceeding.  ECF No. 115.  Defendants failed to comply.  On September 4, 2019, the Court ordered all parties to file a status letter by September 10, 2019.  ECF No. 116.  Again, no such letter was filed.  On September 13, 2019, the Court again ordered the parties to file a status letter by October 4, 2019.  ECF No. 117.  That same day, the Court received an email from Plaintiff with a status letter attached, indicating that the bankruptcy proceeding was still underway.  On October 4, 2019, Plaintiff filed a more detailed letter on the docket (via the Pro Se Office), which again indicated that bankruptcy proceedings continued.  ECF No. 118.  Additionally, Plaintiff sought leave to file an order to show cause why the stay should not be lifted.  *Id.* at 2–3.  On December 5, 2019, the Court ordered EEC to appear through counsel, and Kain and Sharmini Kumar to either appear through counsel or on their own behalf, by January 6, 2020, and further directed them to provide the Court with an update on the status of EEC's bankruptcy proceeding.  ECF No. 119.  To date, none of EEC, Kain Kumar or Sharmini Kumar has responded to that order.

On February 18, 2020, the Honorable Victoria S. Kaufman, of the Bankruptcy Court, granted Plaintiff's motion for relief from the automatic stay in order to allow him to pursue this action. *See In re: Exotic Euro Cars, Inc.*, 1:18 Bankr. 10886 (C.D. Cal. Bankr. Feb. 18, 2020), ECF No. 104.[2] Judge Kaufman held, however, that "[t]he automatic stay will remain in effect as to enforcement of any resulting judgment against the debtor or the debtor's bankruptcy estate, except that the movant may retain the right to file a proof of claim under 11 U.S.C. § 501." *Id.* at 2.

## DISCUSSION

There are seven motions pending before the Court:

(1) Kain and Sharmini Kumar's January 19, 2018 motion to dismiss the complaint under Rules 12(b)(2), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 30;

(2) Plaintiff's March 8, 2018 motion to strike EEC's answer to the complaint, ECF No. 49;

(3) Plaintiff's March 24, 2018 motion for leave to file an amended complaint, ECF No. 60;

(4) Plaintiff's May 8, 2018 "motion for an order directing the Clerk of Court, or the Pro Se Intake Unit to correct clerical docketing, or filing error," ECF No. 86;

(5) Plaintiff's February 27, 2020 motion for the Court to lift the stay of this action, grant Plaintiff leave to file an amended complaint, and find that Defendants have willfully defaulted in this action, ECF No. 127;

(6) Plaintiff's May 19, 2020 motion for an order relieving him of the duty to report to this Court the status of EEC's Chapter 7 petition, ECF No. 129; and

(7) Plaintiff's May 19, 2020 motion renewing his request for the Court to grant relief from the stay of this action, ECF No. 130.

---

[2] The Court may take judicial notice of proceedings in another court. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

The Court will first address Plaintiff's requests for relief from the Court's order staying this action and directing the parties to update the Court on the status of EEC's bankruptcy proceedings. It will then turn to Kain and Sharmini Kumar's motion to dismiss, followed by Plaintiff's motion to amend his complaint and his motion to strike EEC's answer. Finally, the Court will address Plaintiff's request for a finding that Defendants have willfully defaulted.

I.   Stay

This action was stayed as against EEC automatically under 11 U.S.C. § 362(a)(1), and against the remaining Defendants because there was no way to litigate the claims against those Defendants without implicating EEC. *See* ECF No 84. Because the Bankruptcy Court has now lifted the stay in order to permit Plaintiff to proceed with this litigation, there is no reason for the action to remain stayed as against any of the Defendants.

Accordingly, the stay is LIFTED. As a result, there is no longer a need for Plaintiff or any other party to report to this Court on the status of EEC's bankruptcy proceedings. Plaintiff's motion for relief from that obligation is GRANTED.

II.   Personal Jurisdiction

Prior to the entry of a stay, Kain and Sharmini Kumar moved to dismiss the claims against them on a number of grounds, including that the Court lacks personal jurisdiction over them. ECF No. 31 at 6–11. The Court agrees that it lacks personal jurisdiction over Kain and Sharmini Kumar.

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). Where, as here, "the Court has not held an

5

evidentiary hearing on this issue, Plaintiff need only make a prima facie showing of jurisdiction through affidavits and supporting materials to satisfy this burden." *Golden Archer Investments, LLC v. Skynet Fin. Sys.*, No. 11 Civ. 3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012).

"In diversity cases, the issue of personal jurisdiction is governed by the law of the forum state," here, New York. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). To establish personal jurisdiction under New York law, a plaintiff must demonstrate that the defendant "was 'present' and 'doing business' [in New York] within the meaning of [New York Civil Practice Law and Rules ("C.P.L.R.")] § 301," or that the defendant "committed acts within the scope of New York's long-arm statute, [C.P.L.R.] § 302." *Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101, 102 (2d Cir. 2010) (summary order). In other words, the plaintiff must show that either general or specific jurisdiction exists. *See, e.g.*, *AVRA Surgical Robotics, Inc. v. Gombert*, 41 F. Supp. 3d 350, 358 (S.D.N.Y. 2014)

Plaintiff's complaint contains no allegations, and he has submitted no evidence, that Kain or Sharmini Kumar are subject to general jurisdiction in New York. C.P.L.R. § 301 allows a court to exercise personal jurisdiction over a nondomiciliary defendant that is "engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks and citations omitted). Plaintiff has not provided the Court with any reason to believe that Kain or Sharmini Kumar fall within that statute.

Nor has Plaintiff put forward allegations or evidence showing that Kain or Sharmini Kumar are subject to specific jurisdiction here. The complaint alleges only contract claims, so the relevant provision of New York law is C.P.L.R. § 302(a)(1), which allows a court to exercise

6

personal jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1), so long as "the claim asserted . . . arise[s] from that business activity," *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 168 (2d Cir. 2013) (internal quotation marks and citation omitted). Plaintiff alleges that his contracts with EEC designated New York as the venue for any dispute, Compl. ¶ 2, but he has not demonstrated any contacts between Kain or Sharmini Kumar and this forum—much less contacts that gave rise to his claims. Though Plaintiff alleges that the contracts at issue contain forum selection clauses designating New York as the appropriate venue for any dispute, Compl. ¶ 2, nothing in the terms of those contracts references Kain or Sharmini Kumar, or provides any indication that the forum selection clause would apply to them. *See* Compl. Exs. 20–27.

Plaintiff's complaint alleges that "[EEC] is the alter ego" of the Kain and Sharmini Kumar, Compl. ¶¶ 13–14, but provides no factual allegations to support that conclusion. "[T]he corporate veil may be pierced to impute jurisdiction" to its shareholders "if a corporation is merely a shell." *Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, No. 09 Civ. 6148, 2012 WL 12932049, at *14 (S.D.N.Y. July 17, 2012) (internal quotation marks, citation, and alterations omitted), *report and recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012); *see also Packer v. TDI Sys., Inc.*, 959 F. Supp. 192, 202 (S.D.N.Y. 1997) ("A corporation's consent to jurisdiction under a forum selection clause can be applied to obtain jurisdiction over an individual officer by disregarding the corporate entity under the doctrine of piercing the corporate veil."). In evaluating whether a corporation is an alter ego of another party, "courts look to a variety of factors, including (1) the failure to observe corporate formalities; (2) whether the corporation is undercapitalized; (3) any intermingling of personal and corporate funds; (4)

the sharing of common office space or telephone numbers; (5) an overlap of ownership, directors, officers or other personnel; and (6) whether the corporation has been used to perpetrate a wrongful act against the plaintiff. . . . No one factor is determinative, but rather the key inquiry is whether the corporation is being used by the alleged dominating entity to advance its own personal interests as opposed to furthering the corporate ends." *Id.* at *15 (internal quotation marks, citations, and alterations omitted). Plaintiff's complaint speaks to none of those factors. Accordingly, the Court cannot credit the bare allegation that EEC is an alter ego of Kain or Sharmini Kumar.

The Court concludes, therefore, that it lacks personal jurisdiction over Kain and Sharmini Kumar. Accordingly, their motion to dismiss under Rule 12(b)(2) is GRANTED.

III.   Motion to Amend

Plaintiff moved to amend his complaint in response to Kain and Sharmini Kumar's motion to dismiss. ECF No. 60; *see* ECF No. 62 ¶ 18 ("Plaintiff prepared an [amended] [c]omplaint which does not add additional causes of action but merely seeks to better articulate facts that support the equitable relief of piercing the corporate veil of the [D]efendant [EEC].") Under Rule 15(a) of the Federal Rule of Civil Procedure, a court "should freely give leave [to amend] when justice so requires." Denial of leave to amend is proper on the basis of "undue delay, bad faith, dilatory motive, and futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009).

Plaintiff's proposed amended complaint does not allege facts that would give rise to personal jurisdiction in this Court over Kain or Sharmini Kumar. *See* Proposed Compl, ECF No. 60-1. It contains some allegations that appear intended to establish Plaintiff's alter ego theory. *See id.* ¶¶ 30–80. For example, Plaintiff alleges that EEC failed to follow a number of corporate formalities. *Id.* ¶¶ 32–36, 44–55. But "in the case of small privately held corporations where the trappings of sophisticated corporate life are rarely present," the Second Circuit has held that "preoccupation with questions of structure, financial and accounting sophistication or dividend policy or history" is not appropriate. *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 601 (2d Cir. 1989).

The proposed amended complaint does not otherwise meaningfully speak to the alter ego factors. It points out that Sharmini Kumar served as a corporate officer and director of EEC. Proposed Compl. ¶ 43. It alleges in a conclusory fashion that EEC was undercapitalized, and that Kain or Sharmini Kumar used the assets of the corporation for their own purposes. *Id.* ¶¶ 52, 56. It asserts, without detail, that EEC has caused harm to other individuals, relying on other lawsuits against the company. *Id.* ¶¶ 58–60, 63–69. And it claims, again without any supporting factual allegations, that Kain and Sharmini Kumar "when faced with the prospect of honoring their contractual obligations to the Plaintiff . . . willfully, maliciously, and fraudulently conveyed the assets of [EEC] to themselves for their personal benefit." *Id.* ¶ 79.

Most of the proposed complaint's alter ego allegations are either conclusory or irrelevant; taken together, they are not sufficient to show that EEC was "used by the [Kumars] to advance [their] own personal interests as opposed to furthering the corporate ends." *Cardell*, 2012 WL 12932049, at *15 (internal quotation marks, citations, and alterations omitted). As a result, the

Court concludes that Plaintiff's proposed amendments to the complaint would fail to establish personal jurisdiction over Kain or Sharmini Kumar, and so would be futile.

Accordingly, Plaintiff's motion for leave to amend is DENIED.

IV.     Motion to Strike

Before this action was stayed, Plaintiff moved to strike EEC's answer and moved for sanctions, essentially on the grounds that it was improper for EEC to deny or decline to admit many of the allegations in Plaintiff's complaint.  *See* ECF No. 49 at 18–23.  Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The statements that Plaintiff challenges do not meet that standard.  A motion to strike is not an appropriate vehicle for a court to determine whether the statements in a pleading are supported by or contrary to the evidence—answering those questions is the whole purpose of litigation.  *See Avent v. Solfaro*, 210 F.R.D. 91, 94 (S.D.N.Y. 2002) ("Avent urges the Court to strike portions of defendants' answer that constitute denials of his specific factual allegations because Avent claims the evidence is clear that his allegations are true.  In other words, Avent requests that this Court rule on certain factual disputes by granting the motion to strike.  Factual disputes are best resolved once the parties have conducted discovery and once the Court can better determine the case on its merits, and defendants' allegations, therefore, should not be stricken.").

At this stage of the litigation, sanctions are likewise entirely inappropriate.  *See Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[I]n imposing [R]ule 11 sanctions, the court is to avoid hindsight and resolve all doubts in favor of the signer. . . . [R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's motion to strike EEC's answer and for sanctions is DENIED.

V. Motion to Correct Docket

Plaintiff requests that the Court order the Clerk of Court to combine on the docket his motion for leave to amend, ECF No. 60, and his affidavit and memorandum of law in support of that motion, ECF No. 62, which are currently listed as separate docket entries. *See* ECF No. 86. This is not an appropriate subject for a motion. Proper docketing is helpful to the Court and the parties in efficiently managing cases. But Plaintiff has suffered no legal harm as a result of the alleged error in docketing—and he may rest assured that the Court has carefully reviewed his filings, and will continue to do so, regardless of the precise order in which they appear on the docket.

Plaintiff's "motion for an order directing the Clerk of Court, or the Pro Se Intake Unit to correct clerical docketing, or filing error" is DENIED.

VI. Default

Finally, Plaintiff asks the Court to hold that all of the Defendants have willfully defaulted, presumably as a prelude to moving for a default judgment under Rule 55 of the Federal Rules of Civil Procedure. *See* ECF No. 127. It is not, however, appropriate for the Court to rule on that issue in the abstract. If Plaintiff wishes to seek a default judgment, he must follow the procedures set out by Rule 55 of the Federal Rules of Civil Procedure, Local Civil Rule 55.1, and Rule III(M) of this Court's Individual Practices in Civil Cases. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks and citation omitted)).

The Court notes that "[b]efore a court grants a motion for default judgment, the court must also assure itself that it has subject matter jurisdiction over the action, and may assure itself that it has personal jurisdiction over the defendant[s]." *Bersoum v. Abotaeta*, No. 16 Civ. 987, 2017 WL 3446819, at *2 (S.D.N.Y. Aug. 10, 2017) (internal quotation marks, citations, and alterations omitted).  In addition, "prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant[s'] liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks and citation omitted).

If Plaintiff decides to seek a default judgment, he should be aware that he has an obligation to follow the Court's procedural rules, to show clearly that this Court has both subject-matter and personal jurisdiction over the remaining Defendants, and to demonstrate that his claims are sufficient to establish those Defendants' liability for whatever damages he seeks

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. The stay is LIFTED.  No further reports on EEC's bankruptcy proceedings are required.

2. Kain and Sharmini Kumar's motion to dismiss for lack of personal jurisdiction is GRANTED.

3. Plaintiff's motion to amend his complaint is DENIED.

4. Plaintiff's motion to strike EEC's answer is DENIED.

5. Plaintiff's motion to correct what he deems a docketing error is DENIED.

6. Plaintiff's request that the Court hold that all of the Defendants have willfully defaulted is DENIED without prejudice.

The Clerk of Court is directed to terminate the motions at ECF Nos. 30, 49, 60, 86, 127, 129, and 130.

### Mailing This Order

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

The Clerk of Court is further directed to mail a copy of this order to Exotic Euro Cars at the following address, which is on file with the California Secretary of State as the entity's mailing address:

> Exotic Euro Cars
> 22223 Ventura Blvd.
> Woodland Hills, CA 91364

The Clerk of Court is further directed to mail a copy of this order to Kain Kumar and Sharmini Kumar at the following address:

> Kain Kumar and Sharmini Kumar
> 4820 Balboa Avenue
> Encino, CA 91316

SO ORDERED.

Dated: August 7, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge