UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

        Plaintiff,

-against-

Andrew Michael Koss, a/k/a Michael Koss, Dr. Kain Kumar, Sharmini Kumar, John Doe, Exotic Euro Cars, and "ABC Corporations" being unknown, and fictitious at this time,

        Defendant.

Case No.: **17 CV 07762 (ANT)(VF)**

**AFFIDAVIT IN BRIEF EXPLAINING WHY DISCOVERY IS REQUIRED**

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) SS.:

Renzer Bell, makes the following affirmation under the penalties of perjury:

I, Renzer Bell, am Plaintiff in the above titled action, and respectfully move this Court to issue for an Order, pursuant to Local Civil Rules Local Civil Rules 6.1, 6.2, 6.4, and 7.1, and Federal Rules of Civil Procedure 26, and 30 granting the Plaintiff leave to conduct discovoery, and granting such other and further relief as the Court deems just, and equitable.

The reasons why I am entitled to the relief I seek are the following:

1) The Plaintiff is informed and believes, and based thereon avers that the defendant Exotic Euro Cars was an atypical corporation ostensibly engaged in the sale of high-line luxury, and sports automobiles.

2) The Plaintiff is informed and believes, and based thereon avers that Exotic Euro Cars was created contemporary with its first Chief Executive Office, and one (1) of two(2) directors, Dr. Kain Kumar, embarking in a conspiracy to defraud the United States of America in a significant medical billing scheme [Exhibit A, and Exhibit B at paragraph twenty (20)].

3) The Plaintiff is informed and believes, and based thereon avers that Dr. Kain Kumar used the defendant Exotic Euro Cars to launder the proceeds from his contribution to the conspiracy to defraud the United States.

4) The Plaintiff is informed and believes, and based thereon avers that Dr. Kain Kumar agreed with, and approved of the defrauding of clients including former NBA player Gilbert Arinas in order to compensate the defendant Andrew Michael Koss for his "management" of the defendant Exotic Euro Cars[Exhibit C].

5) The Plaintiff is informed and believes, and based thereon avers that Dr. Kain Kumar hired the defendant Andrew Michael Koss with full knowledge of the defendant Andrew Michael Koss' indebtedness to the State of California, and Los Angeles County to the tune of approximately $1,300,000.00 for failure to pay applicable taxes.

6) The Plaintiff is informed and believes, and based thereon avers that the defendant Andrew Michael Koss was afforded the opportunity to skim his share from the defendant Exotic Euro Cars by writing checks to himself in amounts ranging from $9,000.00 to $9,999.99 each month irrespective of the financial results of the defendant Exotic Euro Cars.

7) The Plaintiff is informed and believes, and based thereon avers that the defendant Andrew Michael Koss was allowed to pay his considerable gambling debts from the coffers of the defendant Exotic Euro Cars as alleged by the Chapter 7 Trustee Amy L. Goldman in the adversary proceeding attached hereto as Exhibit E.

8) The Plaintiff is informed and believes, and based thereon avers that the defendant Exotic Euro Cars paid approximately $981,711.65 to create amenities at properties owned by Dr. Kain Kumar, and Sharmini Kumar while account receivables due, and contractual obligations to the Plaintiff went unpaid, and dishonored[Exhibit F].

9) The Plaintiff is informed and believes, and based thereon avers that the defendant Exotic Euro Cars paid approximately $29,545.00 to S&A Polacheck & Associates for jewelry[Exhibit G].

10) The Plaintiff is informed and believes, and based thereon avers that the defendant Exotic Euro Cars' Chapter 7 Bankruptcy Petition, and subsequent revelations led Trustee Amy L. Goldman to make referral to the United States Attorney.

11) The Plaintiff is informed and believes, and based thereon avers that the defendant Exotic Euro Cars, Sharmini Kumar, and Dr. Kain Kumar are in possession of documents that will allow the Plaintiff to demonstrate by a preponderance of the evidence that the defendant Exotic Euro Cars, and its principals engaged in fraud which precluded the defendant Exotic Euro Cars to honor its obligations.

12) The Plaintiff is informed and believes, and based thereon avers that Sharmini Kumar was deposed by Chapter 7 Trustee Amy L. Goldman, and admitted engaging in transactions with the defendant Exotic Euro Cars which were not conducted at arms length, and worked to the financial detriment of the defendant Exotic Euro Cars.

13) The Plaintiff is informed and believes, and based thereon avers that Dr. Kain Kumar pled guilty to engaging in a conspiracy to the defraud the United States despite retaining competent counsel in the firm of Boies Schiller Flexner LLP[Exhibit H].

14) The Plaintiff is informed and believes, and based thereon avers that the aforementioned exhibits, and factual allegations form a prima facie basis to allow the Plaintiff to obtain discoverable documents, and to depose the defendant Exotic Euro Cars in support of claims that arose after the Chapter 7 Trustee engaged in discovery with the defendant Exotic Euro Cars.

WHEREFORE, the Plaintiff respectfully seeks leave of this Court for an Order, pursuant to Local Civil Rules Local Civil Rules 6.1, 6.2, 6.4, and 7.1, and Federal Rules of Civil Procedure 26, 30 granting the Plaintiff leave to conduct discovoery, and granting such other and further relief as the Court deems just, and equitable.

I declare under penalty of perjury that the foregoing statements are true and correct.

Affirmed on the 1st day of June, 2022

_____
Renzer Bell

**SO ORDERED**

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Dated: 6.3.2022

Plaintiff's motion for an order permitting him to obtain discovery in two separate litigations, not involving Plaintiff, is DENIED. Plaintiff has not shown why the discovery from those litigations (a medicare fraud case and a breach of contract case involving a different Plaintiff) is relevant to Plaintiff's claims in this action. The Clerk is directed to terminate the motion at ECF No. 172.