UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  08/27/2024
```

RENZER BELL,

                Plaintiff,

-against-

ANDREW MICHAEL KOSS, a/k/a MICHAEL KOSS, JOHN DOE, EXOTIC EURO CARS, and "ABC CORPORATIONS" being unknown, and fictitious at this time,

                Defendants.

17 Civ. 7762 (AT) (VF)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff *pro se*, Renzer Bell, brings this breach-of-contract action against Defendants, Andrew Michael Koss and Exotic Euro Cars ("EEC"). *See generally* Compl., ECF No. 1. On January 15, 2022, Plaintiff moved for entry of a default judgment against Koss and EEC ("the Defaulting Defendants"). ECF No. 161. On February 18, 2022, Plaintiff filed proof of service on the Defaulting Defendants and an affidavit in support of his request for an award of monetary damages. ECF No. 166.

      The Court referred the motion to the assigned magistrate judge for a report and recommendation. ECF No. 162. Now before the Court is the Honorable Valerie Figueredo's report and recommendation (the "R&R"), which recommends entering a default judgment against the Defaulting Defendants and awarding Plaintiff $53,380 in compensatory damages, as well as prejudgment interest at the statutory rate of 9 percent. *See* R&R, ECF No. 188. Plaintiff filed timely objections to the R&R. Pl. Objs., ECF No. 204; *see also* ECF Nos. 200–03.

      For the reasons stated below, Plaintiff's objections are GRANTED IN PART and OVERRULED IN PART, and the Court ADOPTS Judge Figueredo's R&R except to the extent specified in this Order.

## BACKGROUND[1]

Plaintiff is "actively engaged in the business of purchasing and trading . . . exotic high-end automobiles." R&R at 2 (citation omitted). "Defendant EEC is a California corporation that sells high-end luxury cars as an 'alter ego' of Defendant Koss." *Id.*

Plaintiff and the Defaulting Defendants "entered into eight agreements, whereby [Plaintiff] agreed to procure specific luxury cars from a car dealer" for the Defaulting Defendants. *Id.* Under each agreement, Plaintiff agreed to sell, assign, and transfer his right to purchase a specified luxury vehicle from a car dealer in exchange for a fee. *E.g.*, ECF No. 200 at 9. The fee consisted of a set dollar amount plus any discount Plaintiff was able to negotiate with the car dealer below a contractually defined price. *Id.* Plaintiff's claims arise out of the Defaulting Defendants' alleged breaches of the parties' agreements.

## DISCUSSION

### I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20,

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in Judge Figueredo's R&R, *see* R&R at 2–8, and does not restate them here.

2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

The Court construes a *pro se* plaintiff's objections liberally and so as "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

II.   Plaintiff's Objections

First, Plaintiff contends that Judge Figueredo failed to consider "paragraph five (5) in each of the contractual agreements[,] render[ing] all of the calculations of damages . . . erroneous." Pl. Objs. at 21. Paragraph five of each agreement provides that should Plaintiff negotiate a lower price for each luxury vehicle with the car dealer, Defendants are

3

obligated to "remit said difference in price" to Plaintiff.[2]  *E.g.*, ECF No. 200 at 9, 12, 15, 18. Plaintiff appears to argue that his damages should include the amount that he would have received from Defendants had he negotiated a discount with the car dealers, which he was unable to do because of Defendants' breach.  *See* Pl. Objs. at 19–20, 23.

It is well established that to recover damages from a breach of contract under New York Law, the damages "must be reasonably certain" and not "speculative, possible, [or] imaginary." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir. 2007) (quoting *Wakeman v. Wheeler & Wilson Mfg. Co.*, 4 N.E. 264, 266 (N.Y. 1886)) (emphasis omitted).  Only such damages that "actually follow or may follow from the breach" are recoverable.  *Id.*  A plaintiff claiming general damages must show "a stable foundation for a reasonable estimate of the damage incurred as a result of the breach." *Id.* (cleaned up).

The Court finds that for three of the agreements—those involving cars that Plaintiff actually made "available for pickup," *see* R&R at 12—Plaintiff has established with reasonable certainty that he is owed additional damages pursuant to paragraph five.

- Under the First Agreement, concerning a 2013 Lamborghini Aventador Roadster, Defendants agreed to pay Plaintiff any difference between the final price and the "[MSRP] + $55,500.00."  ECF No. 200 at 9 (Exhibit A).  Plaintiff has submitted evidence that the car's MSRP was $498,180, ECF No. 200-6 at 6 (Exhibit 12), and that he negotiated a "total cash price" for Defendants of $498,360, ECF No. 200-2 at 2 (Exhibit L).  Accordingly, Plaintiff is owed an additional **$55,320** in compensatory damages for the First Agreement.

- Under the Fifth Agreement, concerning a 2014 Range Rover Autobiography, Defendants agreed to pay Plaintiff any difference between the final price and the "MSRP + $58,500.00."  ECF No. 200-1 at 2 (Exhibit E).  Plaintiff has submitted evidence that the car's MSRP is $143,665, ECF No. 200-6 at 2 (Exhibit 10), and that he negotiated a "total cash sales price" for Defendants of $145,235, ECF No. 200-2 at 4 (Exhibit M).  Accordingly, Plaintiff is owed an

---

[2] Paragraph 5 stipulates that the price for each vehicle is the Manufacturer's Suggested Retail Price ("MSRP") plus an additional sum of money.  For example, the stipulated price for the car that is the subject of the First Agreement is the "MSRP + $55,500."  ECF No. 200 at 9.  Accordingly, Plaintiff contends that he is owed the difference between the price he negotiated for the car and the "MSRP + $55,500."

4

      additional **$56,930** in compensatory damages for the Fifth Agreement.

- Under the Seventh Agreement, concerning a 2015 Lamborghini Huracan, Defendants agreed to pay Plaintiff any difference between the final price and the "MSRP + $15,500.00." ECF No. 200-1 at 8 (Exhibit G). Plaintiff has submitted evidence that the car's MSRP is $282,945, ECF No. 200-5 at 8 (Exhibit 9), and that he negotiated a total cash price for Defendants of $287,945, ECF No. 200-2 at 6 (Exhibit N). Accordingly, Plaintiff is owed an additional **$10,500** in compensatory damages for the Seventh Agreement.

The Court declines, however, to award Plaintiff additional compensatory damages for the other agreements, for which Plaintiff did not actually procure cars. The Court finds that Plaintiff has failed to establish with reasonable certainty the existence of damages under paragraph five of these agreements. Any such damages would be contingent on Plaintiff negotiating a lower purchase price with the car dealer, a necessarily uncertain outcome. Plaintiff, pointing to money he tendered to the dealers to secure the rights to the cars in question, argues that he "understood through the course of dealing with factory authorized car dealers . . . that there would be instances in which high-line automobiles would have price disparity." Pl. Objs. at 20. But Plaintiff's general understanding of industry practices sheds little light on whether Plaintiff would have actually negotiated a discounted price for the vehicles involved in these agreements. *Cf. Holland Loader Co., LLC v. FLSmidth A/S*, 313 F. Supp. 3d 447, 481–82 (S.D.N.Y. 2018), *aff'd*, 769 F. App'x 40 (2d Cir. 2019) (finding that "[w]ithout any historical data to support the projections" of lost profits, the Court "cannot find that those figures provide a sufficiently certain and reliable baseline").

    Second, Plaintiff objects to Judge Figueredo's recommendation that he should not be awarded liquidated damages. In the R&R, Judge Figueredo found that the liquidated damages clauses in the First, Third, Fourth, Fifth, Sixth, and Seventh Agreements each provided liquidated damages amounts that were "grossly disproportionate" to Plaintiff's loss from the

5

breach. R&R at 20–22. Plaintiff argues that the R&R's "failure . . . to consider paragraph five (5) in each of the contractual agreements" renders its consideration of liquidated damages "erroneous." Pl. Objs. at 22.

Although the Court has determined that Plaintiff is entitled to additional compensatory damages for the First, Fifth, and Seventh Agreements, Plaintiff is not entitled to the contractual liquidated damages. This is because "liquidated and actual damages are mutually exclusive remedies under New York law," and "[u]nder no circumstances . . . will liquidated damages be allowed where the contractual language and attendant circumstances show that the contract provides for the full recovery of actual damages." *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 71 (2d Cir. 2004). Here, the Court is satisfied that Plaintiff's recovery on the First, Fifth, and Seventh Agreements represents his full actual damages, barring him from receiving liquidated damages for the same breach. As to the other agreements, the Court discerns no error with Judge Figueredo's determinations that the liquidated damages clauses were "grossly disproportionate" to the amount of Plaintiff's loss. Plaintiff's objections to the liquidated damages portion of the R&R are, therefore, OVERRULED.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Figueredo's R&R except to the extent stated above. Plaintiff's motion for default judgment is GRANTED. The Clerk of Court is directed to enter judgment for Plaintiff and against the Defaulting Defendants consistent with this order and the R&R, specifically:

- $64,480 for breach of the First Agreement;
- $580 for breach of the Second Agreement;
- $1,580 for breach of the Third Agreement;
- $4,580 for breach of the Fourth Agreement;

6

- $60,090 for breach of the Fifth Agreement;
- $4,580 for breach of the Sixth Agreement;
- $19,660 for breach of the Seventh Agreement; and
- $20,580 for breach of the Eighth Agreement.

Additionally, prejudgment interest at the statutory rate of 9% should be calculated from September 6, 2014, to the date of entry of judgment in this case.

The Clerk of Court is further directed to terminate the motion at ECF No. 200, mail a copy of this order to Plaintiff *pro se*, and close the case. Plaintiff is directed to serve a copy of this order on the Defaulting Defendants and file an affidavit of service on the docket by **September 17, 2024**.

SO ORDERED.

Dated: August 27, 2024
New York, New York

ANALISA TORRES
United States District Judge

7